**IN THE US DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RACHEL AINSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-11-418 RAW |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

**COME NOW** the Plaintiff, Rachel Ainsworth, by and through her attorney, Jeff Belote, and in Response to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment,   alleges and states as follows:

## INTRODUCTION

Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA") 28 O.S.C. § 2671, et. seq., alleging that various healthcare providers at the Choctaw Nation Hospital, in Talihina, Oklahoma, negligently administered Phenergen to her, resulting in permanent injuries to her left hand on May 28, 2010.

Defendant alleges that Plaintiff failed to file her claim timely with the appropriate agency in a timely manner. Plaintiff's claim was filed and stamped received by the Department of the Interior for the Bureau of Indian Affairs on May 5, 2010. Defendant contends that the appropriate agency was the Department of Health and Human Services, however, cites no statute or Civil Federal Rule to support Defendant's allegation.

Further, pursuant to 28 C.F.R. 14.2 (b)(1) when a claim is presented to the wrong agency, that agency shall then transfer it "forthwith" to the appropriate agency. Plaintiff contends if the Bureau of Indian Affairs was not the appropriate agency to accept service for a tort claim against Choctaw Nation Hospital, then the agency had a duty pursuant to 28 C.F.R. 14.2 (b)(1) to "forthwith" transfer Plaintiff's tort claim. According to West's Encyclopedia of American Law, Edition 2, Copyright 2008, "forthwith" is legally defined as meaning immediately; promptly; without delay; directly; within a reasonable amount of time under the circumstances. Additionally, according to Gerald N. Hill and Kathleen T. Hill, co-authors of 25 books, including *The People's Law Dictionary, Real Life Dictionary of the Law, Encyclopedia of Federal Agencies and Commissions, Facts On File Dictionary of American Politics,* "forthwith" is also defined as "a term found in contracts, court orders, and statutes, meaning as soon as it can be reasonably done; implies immediacy, without excuses for delay."

## APPLICABLE LAW and ARGUMENT

28 C.F.R. § 14.2 (b)(1) provides "a claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to another Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the appropriate agency can be identified from the claim, and advise the claimant of the transfer. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. Sec. 2401 (b) as of the date it is received by the appropriate agency.

In this case, the Department of the Interior for the Bureau of Indian Affairs accepted Plaintiff's claim on May 5, 2010. However, instead of transferring Plaintiff's claim "forthwith" to

the Department of Health and Human Services, Plaintiff's case was not transferred until July 29, 2010 and received by the "appropriate" agency, according to the Defendant, on August 2, 2010, approximately 84 days after the receipt of Plaintiff's claim.

Plaintiff would further note that once the Department of the Interior for the Bureau of Indian Affairs transferred the case, it took only four (4) days for the "appropriate" Federal agency to receive it. Clearly, had the Department of the Interior for the Bureau of Indian Affairs transferred the claim "forthwith" as required, Plaintiff's claim, filed May 5, 2010, would have been timely filed, as Plaintiff had until May 28, 2010 to present her claim. Rather than forwarding Plaintiff's claim to the appropriate agency "forthwith", approximately 84 days passed before it was then transferred to the "appropriate" agency.

Further, counsel for Plaintiff, Jeff Belote, was not contacted by the Department of the Interior for the Bureau of Indian Affairs until July 29, 2010, well after the statute of limitations had run. (See Attachment B of Defendant's Brief). Therefore, again, it took the Department of the Interior for the Bureau of Indian Affairs approximately 84 days to transfer Plaintiff's claim to the "appropriate" agency, which Plaintiff contends is not considered "forthwith", as required.

In Bukala v United States, 854 F.2d 20 (7th Cir. 1988), the Court held that "a Federal Tort Claims Act claimant is not necessarily bound by the last sentence of the transfer regulation where the Government fails to comply with its duty to properly transfer or to return misdelivered FTCA claim forms".

The Government argues that claimant waited until the eleventh hour to file the instant claim and there should be no reason for "constructive filing" in this matter. Plaintiff's claim was presented over three (3) weeks prior to the statute of limitations expiration. It took the Government only four (4) days to transfer Plaintiff's claim, once it undertook to do so. Plaintiff contends the

Department of the Interior and the Bureau of Indian Affairs had ample time in which to transfer Plaintiff's claim. Further, had they transferred "forthwith" from the stamped receipt date of May 5, 2010 of Plaintiff's claim in their office, Plaintiff's claim would have conceivably taken only four (4) days to reach the "appropriate" agency, and therefore, would have also been received "timely".

In the case cited by the Government i.e. <u>Lortrionte v United States,</u> 560 F. sup. 41 (S.D.N.Y.), affirmed 742 F.2d 1436 (2nd Cir. 1983), the Plaintiff filed its claim only two (2) days prior to the statute running, obviously not leaving adequate time for transfer. In this matter, constructive filing should be allowed. Plaintiff, in a good faith attempt to serve notice to the proper party, served the Department of Interior for the Bureau of Indian Affairs, yet they didn't transfer the case promptly and "forthwith" to the Department of Health and Human Services.


## II. PLAINTIFF'S RESPONSE TO MATERIAL FACTS

(1)     Admit;

(2)     Admit;

(3)     Admit, however, the tort claim notice, Attachment A of Defendant's Motion, states May 28, 2008;

(4)     Admit;

(5)     Admit.


## SUMMATION

Plaintiff alleges that she has brought forth sufficient evidence to show "constructive" notice in this case, assuming the wrong agency was given notice. Further, it is a factical dispute as

to why the Department of Interior and the Bureau of Indian Affairs waited from May 5, 2010 until July 29, 2010 to transfer Plaintiff's tort claim. Plaintiff should be allowed by discovery to develop these facts so this Court can make an adequate and informed decision as to whether "constructive" notice was given in this matter.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment should be denied and Plaintiff's claim deemed received timely and within the statute of limitations, as required or, in the alternative, deny Defendant's Motion at this time in order for the parties to complete discovery and Defendant then be allowed to reurge said Motion at a later date.

RACHEL AINSWORTH,
PLAINTIFF

Respectfully submitted,

By:_____
Jeff Belote, OBA #12213
LAW OFFICE OF JEFF BELOTE
1308 East Wade Watts Ave., Ste C,
P.O. Box 1910
McAlester, Oklahoma 74502
(918) 423-3344
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2012, I electronically filed the foregoing "Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment" with the Clerk of the Court using the EFC system. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants: Susan Stidham Brandon, Attorney for the United States of America, Assistant United States Attorney, email: Susan.Brandon@usdoj.gov

Jeff Belote
Attorney for Plaintiff