IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RACHEL AINSWORTH,

    Plaintiff,

v().

UNITED STATES OF AMERICA,

    Defendant.

Case No. CIV-11-418-RAW

# ORDER

Before the court is Defendant's motion to dismiss for lack of subject matter jurisdiction, or in the alternative, motion for summary judgment [Docket No. 16]. Plaintiff filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Plaintiff alleges that she suffered personal injuries as a result of medical malpractice by negligent government employees acting within the scope of their employment at the Choctaw Nation Health Care Center.

Defendant argues that this action should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies under the FTCA by failing to file her claim with the *appropriate* federal agency within two years of the accrual of her claim. Plaintiff argues that constructive filing should be allowed because she sent her claim to the agency she believed to be appropriate, and that agency did not transfer it to the appropriate agency *forthwith*, as required by the FTCA.

**Procedural Analysis**

When ruling on a Rule 12(b)(1) motion, the court may consider evidence outside the

pleadings without converting it to a motion for summary judgment. Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003). Of course, if "'resolution of the jurisdictional question is intertwined with the merits of the case,' it is necessary to 'convert a Rule 12(b)(1) motion . . . into a [motion under] Rule 12(b)(6) . . . or . . . Rule 56.'" Id. (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Holt, 46 F.3dd at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987)). Nevertheless, "the FTCA statute of limitations set forth in 28 U.S.C § 2401(b) does *not* create a jurisdictional question intertwined with the merits of the case." Trobaugh v. United States, 35 Fed.Appx. 812, 814 (10th Cir. 2002).

Accordingly, the court treats this as a motion to dismiss under Rule 12(b)(1). Plaintiff bears the burden of establishing that subject matter jurisdiction exists. See Basso v. Utah Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

**Analysis**

Plaintiff alleges that her injury took place on May 27, 2008. Plaintiff submitted her administrative claim to the Department of the Interior for the Bureau of Indian Affairs ("BIA") on May 5, 2010, approximately 24 days before the end of the two-year statute of limitations period. According to Defendant, however, the "appropriate" federal agency was the Department of Health and Human Services ("DHHS"). The BIA contacted Plaintiff and forwarded Plaintiff's claim to the DHHS on July 29, 2010, approximately 85 days after Plaintiff submitted her claim. The DHHS received the administrative claim on August 2, 2010, well beyond the two-year

statute of limitations.*

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). The *appropriate* Federal agency is the agency "whose activities gave rise to the claim." 28 C.F.R. 14.2(b)(1). When a claim is presented to the wrong agency, "that agency shall transfer it *forthwith* to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." Id. (emphasis added).

The claim here arose due to alleged malpractice at the Choctaw Nation Health Care Center. As Plaintiff notes, Defendant offered no authority for its declaration that the DHHS, not the BIA, was the appropriate agency. Additionally, the court recognizes that there is little guidance for plaintiffs in determining the appropriate agency when filing an FTCA claim. Given that Plaintiff's claim arose due to alleged malpractice at an Indian care facility, it seems reasonable that Plaintiff filed her claim with the BIA.

In any event, it also seems clear enough that if the BIA was not the appropriate agency, the DHHS would be the proper agency. The BIA does not claim that any confusion existed as to which agency was proper, nor does the court believe that any such confusion caused the BIA's delay in transferring the claim. Plaintiff argues that had the BIA transferred the claim *forthwith*, it would have reached the DHHS prior to the expiration of the two-year statute of limitations period. Accordingly, Plaintiff argues, constructive filing should be allowed.

---

*The DHHS denied Plaintiff's administrative claim on June 15, 2011, on the grounds that it was received by the DHHS after the two-year statute of limitations had run. Plaintiff filed this action on November 21, 2011.

The Seventh Circuit has interpreted "forthwith" to mean in a "dutiful and timely fashion." Bukala v. United States, 854 F.2d 201, 204 (7th Cir. 1988). In that case, the plaintiff filed her claim with the wrong agency eight months prior to the expiration of the limitations period, and that agency failed to transfer the claim. Upon remand, the court allowed constructive filing. Bukala v. United States, 727 F.Supp 382, 384-85 (N.D. Ill. 1989). The Eighth Circuit has also allowed constructive filing where a plaintiff filed her claim with the wrong agency two and a half months before the expiration of the limitations period, and that agency failed to transfer the claim. Green v. United States, 872 F.2d 236, 237 (8th Cir. 1989).

Conversely, the Tenth Circuit did not allow constructive filing where a claim was filed with the wrong agency on the last day of the limitations period. Hart v. Department of Labor ex rel. United States, 116 F.3d 1338 (10th Cir. 1997). Also, in Lotrionte v. United States, 560 F.Supp. 41, 43 (S.D.N.Y. 1983), constructive filing was not allowed where a plaintiff filed her claim with the wrong agency only two days before the expiration of the limitations period. The Lotrionte court opined that the statute's use of the word "appropriate" implies "at least a minimal period for transfer of the claim to the appropriate agency." Id.

Defendant argues that in the cases allowing constructive filing, the agency failed to transfer the claim at all. Defendant implies that so long as the agency transfers the claim at some point in time, that is enough. The court does not agree. Federal agencies are required to transfer administrative claims under the FTCA to the appropriate agency *forthwith*, i.e. "in a timely and diligent fashion." Hart, 116 F.3d at 1340-41.

Plaintiff filed her claim with the BIA approximately 24 days prior to the expiration of limitations period. Defendant did not file a Reply to its motion to dismiss or give the court any

4

indication as to why it took the BIA 85 days to transfer Plaintiff's claim to the DHHS. Once the BIA did transfer Plaintiff's claim, it was received by the appropriate agency within 4 days. The court agrees with Plaintiff's argument that had the BIA undertook to transfer Plaintiff's claim in a timely and diligent fashion, the DHHS would have received it prior to the expiration of the limitations period. Plaintiff has met her burden.

**Conclusion**

Accordingly, the motion to dismiss for lack of subject matter jurisdiction [Docket No. 16] is DENIED. This action will proceed on the merits.

IT IS SO ORDERED this 23rd day of July 2012.

**Dated this 23rd day of July, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma